IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONOVAN WARD, JANIESHA WARD )
*minors, by and through their Natural Parents and* )
*Guardians*, JODI M. JENSEN and DONALD )
WARD, JODI M. JENSEN, DONALD WARD, )
*in their own right*, )
　) 
　　　　Plaintiffs, )
　) CIVIL ACTION NO. 3:09-CV-2
v. ) JUDGE KIM R. GIBSON
　)
RICHLAND TOWNSHIP, )
　)
　　　　Defendant. )

## MEMORANDUM OPINION AND ORDER OF COURT

**I.　SYNOPSIS**

This matter comes before the Court on the Defendant's Motion for Summary Judgment (Doc. No. 33) (the "Motion"). The Plaintiff opposes the Defendant's Motion (Doc. No. 40). For the reasons that follow, the Defendant's Motion for Summary Judgment is **GRANTED**.

**II.　JURISDICTION AND VENUE**

The Court's jurisdiction has been invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1443. Venue is proper because the incident which is the basis of this lawsuit took place in the Township of Richland, in Western Pennsylvania.

**III.　PROCEDURAL AND FACTUAL BACKGROUND**

This case arises out of a stop by police officers, on December 24, 2007, of a navy blue SUV driven by Plaintiff Donald Ward, and in which Plaintiff Donald Ward's two minor children were passengers, in Richland Township (the "Incident"). Doc. No. 30. The Plaintiffs bring suit pursuant to 42 U.S.C. § 1983, and allege violations of their Fourth and Fourteenth Amendment Rights, as well as

excessive force and racial discrimination and profiling on the part of the Defendant. Doc. No. 30. In making the stop, the police officers in question were attempting to respond to reports that a group of approximately eight black and white males had been chasing a single youth in the Galleria mall parking lot, and had then fled the scene in a navy SUV, which was later reported on Scalp Avenue, the same road on which Plaintiffs were stopped by police in their vehicle. Doc. No. 30. Defendants argue that such stop was unreasonable and was based on racial profiling/discrimination, because Plaintiffs numbered only three and their group consisted of two teenagers, one male and one female, and a father – an apparent family unit – rather than the group of teenage males reported in the earlier incident. Further, Plaintiffs argue that police used excessive and unnecessary force in stopping them. Doc. No. 30. Plaintiffs allege various mental and health damages as a result of the incident. Doc. No. 30.

Originally, this case was brought on December 3, 2008 in the Court of Common Pleas of Cambria County, Pennsylvania. Doc. No. 1. The original complaint named University of Pittsburgh at Johnstown Campus Police Department ("the UPJPD") and Richland Township Police Department (the "Richland PD") as defendants. Doc. No. 1. On January 5, 2009 the original Defendants filed a notice of Removal in this court. On January 12, 2009 the UPJPD filed a Motion to Dismiss, which this Court granted on August 12, 2009. On June 11, 2009 Richland PD filed its answer to the original complaint, followed by a motion for summary judgment, which was filed on January 28, 2010. Doc. No. 28. On July 22, 2010, this Court issued a Memorandum and Order dismissing the complaint as to Richland PD and granting leave to Plaintiffs to amend the complaint, finding that the Plaintiffs had not acted in bad faith in naming the Richland PD rather than the current defendant, Richland Township. On August 23, 2010, Plaintiffs filed their Amended Complaint (Doc. No. 30). Defendant Richland Township moved for summary judgment on February 21, 2011 (Doc. No. 33), also submitting in support thereof a memorandum of law (Doc. No. 34) and a concise statement of material facts (Doc. No. 35). On May

5, 2011, well after their time for response had expired, Plaintiffs filed a request for an extension of time in which to respond to Defendant's Motion for Summary Judgment; this was granted. Doc. Nos. 37 and 38. Plaintiffs filed a "Response in Opposition to Motion for Summary Judgment" and a "Brief in Opposition to Defendant's Motion for Summary Judgment" on June 6, 2011. Doc. Nos. 39 and 40.

## IV. STANDARD OF REVIEW

### A. SUMMARY JUDGMENT

Summary judgment may only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005); citing *Debiec v. Caot Corp.*, 352 F.3d 117, 128 n. 3 (3d Cir. 2003). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment against a party is appropriate where that party fails to make a sufficient showing of an element for which that party will bear the burden of proof at trial, and which is an essential element of that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Township*, 478 F.3d 144, 147 (3d Cir. 2007); see also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3d Cir. 1994); citing *Oritani Sav. And Loan Ass'n v. Fidelity and Deposit Co.*, 989 F.2d 635, 637 (3d Cir. 1993). The burden is initially on the moving party to demonstrate that the evidence contained in the record does *not* create a genuine issue of material fact. *Conoshenti v. Public Service Electric & Gas*

3

*Co.*, 364 F.3d 135, 140 (3d Cir. 2004). See also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 125-126 (3d Cir. 1994); citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-32 (1986).

Once the moving party satisfies its burden that the record contains no genuine issue of material fact, the burden shifts to the non-moving party, who must go beyond his or her pleadings by the use of affidavits, depositions, admissions or answers to interrogatories, in order to demonstrate that there *is* a genuine issue of material fact for trial. *Id.* at 324. In attempting to do so, the non-moving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

Where a Defendant has moved for summary judgment, a plaintiff must have more than a scintilla of evidence in order for the complaint to survive. As the Supreme Court has explained,

> The Court has said that summary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.' [*internal citations omitted*]. And we have noted that the 'genuine issue' summary judgment standard is 'very close' to the 'reasonable jury' directed verdict standard: 'The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted.' [*internal citations omitted*]. In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.
>
> ... [T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for

> the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

*Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2512 (U.S. 1986); citing and quoting *Sartor v. Arkansas Gas Corp.*, 321 U.S. 620, 624 (U.S. 1944); also citing and quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n. 11 (U.S. 1983); also citing and quoting *Improvement Co. v. Munson*, 81 U.S. 442, 448 (U.S. 1872); cited by *Gbolohan Olabode v. City of Philadelphia, et al.*, 1993 U.S. Dist. LEXIS 14721 (E.D. Pa. 1993).

### B. CIVIL LIABILITY UNDER 42 U.S.C. § 1983

The instant claim is brought pursuant to 42 U.S.C. § 1983, which "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution of the United States." *Jarrett v. Twp. of Bensalem*, 312 Fed. Appx. 505, 507 (3d Cir. 2009); citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000).

As the Third Circuit has explained,

> § 1983 is not a source of substantive rights, but provides a remedy against state officials for violations of constitutional rights. [*internal citations omitted*]. The initial inquiry in a section 1983 suit is (1) whether the conduct complained of was committed by a person acting under color of state law and (2) whether the conduct deprived the complainant of rights secured under the Constitution or federal law.

*Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. Pa. 1998); citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432, 85 L. Ed. 2d 791 (1985) (plurality opinion); also citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 2694-95 n.3, 61 L. Ed. 2d 433 (1979); also citing *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988); also citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); see also *Jarrett v. Twp. of*

*Bensalem*, 312 Fed. Appx. 505, 507 (3d Cir. 2009).

A local governmental entity may only be sued under § 1983 for an action implementing official policy, custom or practice that caused a deprivation of a plaintiff's constitutional rights. The Supreme Court of the United States has held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978); cited and quoted by *Bayer v. Monroe County Children & Youth Servs.*, 2011 U.S. App. LEXIS 2550 (3d Cir. 2011); see also *Doby v. DeCrescenzo*, 171 F.3d 858, 867 (3d Cir. 1999).

The Third Circuit has explained how a plaintiff may show custom and/or policy:

> a plaintiff can show a local government's custom and/or policy in the following manner: Policy is made when a decisionmaker possessing . . . final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.
>
> In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom.

*Bayer v. Monroe County Children & Youth Servs.*, 2011 U.S. App. LEXIS 2550, 12-13 (3d Cir. 2011); quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990); see also *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3rd Cir. 1990); see also *Monell*, supra, at 2035. Further, "before a municipality may be held to answer for the wrongs of its employees, there must be proof of 'a direct causal link' between the policy or custom and the alleged constitutional violation." 1993 U.S. Dist.

LEXIS 14721, *10 (E.D. Pa. 1993); quoting *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 1203, 103 L.Ed. 2d 412 (1989); see also *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. Pa. 2010) ("'Policy' includes official proclamations made by a municipal decisionmaker with final authority, and 'custom' is defined as 'practices of state officials . . . so permanent and well settled as to virtually constitute law.' [*internal citations omitted*]. To prove liability, the plaintiff must show that the municipal action was the 'moving force' behind the constitutional violation.").

Further, the Supreme Court has held that "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (U.S. 1989). Generally, in order for a municipality to be liable under 42 U.S.C. §1983 for inadequate police training, plaintiff must show a pattern of violations. *Quintana et al. v. City of Philadelphia, et al.*, 2011 U.S. Dist. LEXIS 79286 (E.D. Pa. 2011). However, there is a "*narrow* range of circumstances [in which] a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice--namely, a violation of a specific constitutional or statutory right." (*emphasis added*). *Bd. of the County Comm'Rs v. Brown*, 520 U.S. 397, 409-410 (U.S. 1997). In addition to the fact that this 'inadequate training' exception is narrow, "[m]oreover, for liability to attach in this circumstance the identified deficiency in a city's training program must be *closely related to the ultimate injury.*" (*emphasis added*). *City of Canton v. Harris*, 489 U.S. 378, 391 (U.S. 1989).

### A. DUE PROCESS – LEGAL STANDARDS

The Fourteenth Amendment to the U.S. Constitution states, in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law." USCS Const. Amend. 14; see also *Gardner v. McGroarty*, 68 Fed. Appx. 307, 310, 2003 U.S. App. LEXIS 11452 (3d Cir. 2003). The Supreme Court has held that this refers not only to the adequacy of due process procedures, but also to substantive law. *Nicholas v. Pennsylvania State University, et al.*, 227 F.3d 133, 139 (3d Cir. 2000); citing *Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 846-47, 120 L. Ed. 2d 674, 112 S. Ct. 2791 (1992); also citing *Witney v. California*, 274 U.S. 357, 373, 71 L. Ed. 1095, 47 S. Ct. 641 (1927). Indeed, the Third Circuit has noted that "a non-legislative government deprivation 'that comports with procedural due process may still give rise to a substantive due process claim 'upon allegations that the government deliberately and arbitrarily abused its power.'" *Nicholas v. Pennsylvania State University* at 139 (*citations omitted*).

As we have previously stated, "[n]on-legislative, *substantive* due process rights are those rights that are 'fundamental under the Constitution'". (*emphasis added*). *Jendrzejewski v. Watson et al.*, 2009 U.S. Dist. LEXIS 24352 at *11 (W.D. Pa. 2009); citing *Nicholas*, supra.

In contrast, it is well settled that *procedural* due process rights under the Fourteenth Amendment apply only to deprivations of "[p]roperty interests . . . [which] are created and their dimensions are defined . . . from an independent source such as state law." See *Board of Regents v. Roth*, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); cited by *Clark v. Falls*, 890 F.2d 611, 617 (3d Cir. 1989); also cited by *Blanding v. Pennsylvania State Police et al.*, 811 F. Supp. 1084, 1091 (E.D. Pa. 1992), aff'd 12 F.3d 1303 (3d Cir. Pa. 1993); see also *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985); see also *Demko v. Luzerne County Community College*, 113 F. Supp. 2d 722, 728 (M.D. PA. 2000); see also *Cohen v. Board of Trustees*, 867 F.2d 1455, 1462 (3d Cir. 1989).

8

## V.   DISCUSSION/ARGUMENTS

Defendant argues for summary judgment on two grounds: 1) that Plaintiff's claims against Defendant are barred by the Statute of Limitations, because Defendant Richland Township was not joined as a defendant until August 23, 2010, and the alleged incident took place on December 24, 2007. (As noted previously, Plaintiff was given leave by this Court to amend its original complaint on July 22, 2010); and 2) in the alternative, Defendant argues that "Plaintiffs have failed to present any evidence of record to establish a *Monell* claim against Richland Township as a matter of law", as it has failed to present more than mere allegations that Richland Township had in place a custom or policy which caused the alleged unconstitutional treatment of the plaintiffs. Doc. No. 33 at 2. Doc. No. 31 at 6; Doc. No. 34. Indeed, Defendant argues that Plaintiffs have not engaged in any discovery since the case was initiated and therefore cannot have even the barest evidence to support their theory of custom or policy which caused the instant unconstitutional treatment. Doc. No. 35 at 2; Doc. No. 34 at 7.

In response, Plaintiffs argue that under Federal Rule of Civil Procedure 15, their claims against Defendant Richland Township date back to the filing of the original claim, and therefore are not time-barred. Doc. No. 40. Plaintiffs argue that their amended complaint (Doc. No. 30) encompasses the same factual events of the original complaint, that Defendant Richland Township will not be prejudiced by having to defend this claim as it "knew or should have known that the plaintiffs were bringing this action against [it] . . . since the police department is a department of the municipality of Richland Township." Doc. No. 40 at 6.

However, Plaintiffs do not respond to the argument by Defendant that Plaintiffs have not engaged in any discovery in the instant case. This Court notes that it granted a "Joint Motion for Enlargement of Discovery Period" on June 16, 2009, extending the close of discovery to July 27, 2009. Doc. No. 14. Further, as noted above, this case was originally filed in December of 2008. Thus, the

9

parties have had ample time to conduct discovery. Despite this, Plaintiffs have not submitted any attachments to their pleadings that might give this Court even the barest of evidence in support of their claims.[1]

This Court notes that there have been cases where a summary judgment motion was filed prior to discovery, or where it was filed after discovery but the nonmovant petitioned the court to allow additional discovery so that it might defeat the motion for summary judgment by the facts it expected to uncover.

As explained by a sister court in New Jersey,

> Rule 56(d) states: If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The Third Circuit has long interpreted this rule (and its predecessor, Rule 56(f)) to require that 'a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.' [*internal citations omitted*]. Provided that a party opposing summary judgment files an affidavit that addresses these three requirements with specificity, and especially when particular information, necessary to the successful opposition to summary judgment, is in the sole possession of the moving party, the Third Circuit has held that 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.' Vague or general statements of what a party hopes to gain through a delay for discovery under former Rule 56(f), now Rule 56(d), are insufficient. [*internal citation omitted*].

*Atl. Deli & Grocery v. United States*, 2011 U.S. Dist. LEXIS 55395, 7-9 (D.N.J. May 23, 2011); citing *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987); also citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 140-41 (3d Cir. 1988); also citing *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984).

---

[1] Indeed, Plaintiffs did not even submit a "concise statement of material facts" in support of their opposition to Defendant's Motion for Summary Judgment. Plaintiffs did include a short, two-paragraph section in their "Brief in Opposition to Defendant's Motion for Summary Judgment" which is entitled "Response to Defendant's Statement of Facts", however that section covers only the procedural history of the case. Doc. No. 40.

However, in the instant case, Plaintiffs have not explained why they did not conduct discovery, nor have they requested additional time for discovery or provided an explanation of what facts they believe might now be uncovered that might not before.

The Third Circuit has noted that while a grant of summary judgment is "proper only if it appears 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' . . . [and i]n reviewing all evidence in the record, we are required 'to view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion . . .'[, a] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint - rather, he must point to concrete evidence in the record that supports each and every essential element of his case". *Coefield v. GPU*, 125 Fed. Appx. 445, 448 (3d Cir. N.J. 2005); citing *Bartnicki v. Vopper*, 200 F.3d 109, 114 (3d Cir. 1999); also citing and quoting *Celotex v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

In case *sub judice*, Plaintiff has provided no proof whatsoever that Defendant Richland Township has a policy or custom that resulted in the unfortunate Incident which occurred in this case; indeed, Plaintiffs appear to have conducted no discovery whatsoever. Plaintiffs only argue in response that "'a single, unusually excessive use of force may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to 'deliberate indifference' or 'gross negligence' on the part of the officials in charge.'" Doc. No. 39. However, again, Plaintiffs have not provided any evidence or even explained why they believe the Incident in question would fit into that very narrow exception (see discussion, supra) where their injuries were highly predictable and the direct result of a failure on the part of Richland Township to properly train its officers.

In view of Plaintiffs' complete failure to provide proof or documentation of any kind, to establish any sort of pattern, or even to establish that Richland Township police officers caused their injury, this Court finds that no rational jury could conclude that Richland Township was responsible for violating Plaintiffs' constitutional rights. There is no evidence on the record which suggests that the alleged malfeasance of the officers that conducted the traffic stop of December 24, 2007 stemmed from a custom or policy of Defendant Richland Township. Not only have Plaintiffs not supplied even the most basic extrinsic evidence of Defendant Richland Township's custom or policy, but Plaintiffs have also failed to articulate any kind of explanation in their pleadings as to what they believe the policy might be, nor have Plaintiffs elucidated a theory of deliberate indifference in Defendant's failure to properly train its officers, nor have Plaintiffs even presented evidence as to Defendant's custom or policy in any way, shape or form. Similarly, Plaintiffs have not submitted any evidence that officers of the Richland Township Police Department came into any direct contact with them[2], therefore summary judgment in favor of Defendant Richland Township is also appropriate on the issue of use of excessive force. Plaintiffs have not supplied any medical bills, incident reports, pictures, or any of the other many possible evidentiary means of support that might be available to Plaintiffs through a simple discovery process. It is simply impossible to glean any sort of liability on the part of the Defendant based on the pleadings before this Court.[3] It is not sufficient for Plaintiffs to "rest upon

---

[2] Plaintiffs have not specified which municipality's police officers stopped them and allegedly violated their rights. Defendant Richland Township's answer indicates that officers of two other municipalities initiated the traffic stop of Plaintiffs and that Richland Township officers were not involved in the initial stop at all. Doc. 31 at 5. It is unclear whether or not Defendant is denying that Richland Township officers came in direct contact with Plaintiffs at all. However, what is clear is that a simple discovery request would have very likely provided Plaintiffs with more specific information that might begin to support their claims.

[3] For examples of similar findings, see *Olabode v. City of Philadelphia et al*, 1993 U.S. Dist. LEXIS 14721, *13 (E.D. Pa. 1993); see also *Lare v. Chester County Prison Board et al.*,*22, 2004 U.S. Dist. LEXIS 15629 (E.D. Pa. 2004) ("there is no evidence suggesting that their alleged malfeasance stemmed from a custom or policy of the [County] Prison Board . . . Moreover, under the very high standard for municipal liability that the Supreme Court set forth in *Monell*, there is no evidence here that the Prison Board or PrimeCare maintained a custom or policy of deliberate indifference to inmates' medical needs. The defendants are therefore entitled to summary judgment on these claims."); see also *Quintana et al.*

the mere allegations . . . of [their] pleading[s], but [their] response, by affidavits or as otherwise provided under [Federal Rule of Procedure 56(e)], must set forth specific facts showing that there is a genuine issue for trial.'" *Michael Maloney v. City of Reading et al.*, 201 Fed. Appx. 853 (3rd Cir. 2006); quoting *Anderson v. Liberty Lobby, Inc.*, supra, at 249-250. As concluded by a learned colleague of this Court in a similar case, "the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movants must prevail as a matter of law because no reasonable jury could return a verdict in plaintiffs' favor. . . . Plaintiffs have failed to submit any evidence in opposition to defendants' motion for summary judgment, and have also failed to respond to defendant['s] Concise Statement of Material Facts. Plaintiffs failure to submit evidence, and to respond to defendant['s] evidence, occurred despite the fact that [all fact] discovery in this matter concluded on [July 27, 2009], and that plaintiffs had over [300] days to conduct discovery." *Hudson et al. v. McKeesport Police Chief, et al.*, 2009 U.S. Dist. LEXIS 35669, *5-6 (W.D. Pa. 2009).

Thus, in the case *sub judice*, summary judgment in favor of the Defendant is appropriate because there is an insufficient evidentiary basis upon which a reasonable jury could find in Plaintiffs' favor on any of the claims contained in Plaintiffs' complaint.

---

*v. City of Philadelphia et al.*, 2011 U.S. Dist. LEXIS 79286, *7-19 (E.D. Pa. 2011) ("[T]he non-moving party must put forward specific facts that show a genuine issue for trial and it cannot rest upon the mere allegations or denials contained in its pleadings. . . . ("Because Plaintiffs have failed to show an insufficient training or supervisory practice on the part of the City of Philadelphia and have therefore failed to show deliberate indifference, Plaintiffs cannot advance to trial on their claim of *Monell* liability."); citing *Marten v. Godwin*, 499 F.3d 290, 294-95 (3rd Cir. 2007); see also *Gallas v. The Supreme Court of Pennsylvania*, 1998 U.S. Dist. LEXIS 17669 (E.D. Pa. 1998) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' . . . [Defendant] has not presented any evidence, let alone sufficient evidence to create a genuine issue of material fact. . . . Thus, there is no evidence to support plaintiff's claims . . . and therefore, defendants' motions for summary judgment will be granted. . . . 'A party resisting summary judgment cannot expect to rely on the bare assertions or mere cataloguing of affirmative defenses . . . . The requirement of pointing to specific facts to defeat a summary judgment motion is especially strong when the nonmoving party would bear the burden of proof at trial.'").

## VI.  CONCLUSION

Therefore, Defendant's Motion for Summary Judgment (Doc. No. 33) is **GRANTED**.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVAN WARD, JANIESHA WARD *minors, by and through their Natural Parents and Guardians*, JODI M. JENSEN and DONALD WARD, JODI M. JENSEN, DONALD WARD, *in their own right*,<br><br>Plaintiffs,<br><br>v.<br><br>RICHLAND TOWNSHIP,<br><br>Defendant. | CIVIL ACTION NO. 3:09-CV-2<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 29th day of August, 2011, this matter coming before the Court on Defendant's Motion for Summary Judgment (Doc. No. 33), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Summary judgment is hereby entered in favor of Defendant Richland Township against all Plaintiffs.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

15